## THE CITY NATIONAL BANK of Fort Smith, ARKANSAS v. HOYT L. BROWN

5-5611                                    471 S.W. 2d 347

Opinion delivered September 27, 1971
[Rehearing denied November 1, 1971]

*Harper, Young & Smith,* for appellant.

*Garner, Parker & Garner,* for appellee.

LYLE BROWN, Justice. This is an appeal from the granting of a summary judgment to appellee, Hoyt B. Brown, and against appellant, The City National Bank of Fort Smith, Arkansas. Both parties filed motions for summary judgment. Based on the pleadings, along with the affidavit filed by appellant, it is contended that in fact appellant's motion for summary judgment should have been granted.

Appellee executed an installment contract in favor of Howard Motor Company. The contract was on a form supplied by the bank to the motor company and was forthwith assigned to the bank. The crucial question is whether the contract (usurious by a few dollars on its

face) constituted a transaction between appellee and Howard Motor Company, or between appellee and the bank with Howard Motor Company acting as appellant's agent. If it was a transaction between appellee and the motor company then the Arkansas law of usury applies. If it was a contract between appellee and the bank then the federal usury law appears to apply. In the latter event appellee would be permitted to claim only a forfeiture of the entire interest. That is because appellant is a national bank and the penalties for usury, as set forth in 12 U. S. C. § 86 govern. *Farmers' and Mechanic's National Bank of Buffalo* v. *Dearing*, 91 U. S. 29 (1875).

When we consider the pleadings, the affidavit made by an executive officer of the bank, and the contract, we think the trial court was eminently correct in awarding summary judgment to appellee. That is because those instruments show that (1) the contract was executed between appellee and the car dealer, (2) the car dealer made an assignment to the bank *with recourse,* and (3) the car dealer discounted the paper to the bank at approximately five per cent less than the face value of the contract. Under those undisputed circumstances we are unable to deduce, as appellant would have us do, that the initial transaction was between appellant and appellee.

In support of its contention appellant cites *Hare* v. *General Contract Purchase Corp.,* 220 Ark. 601, 249 S. W. 2d 973 (1952). In *Hare* the dealer had the purchaser execute forms supplied by appellee. Nevertheless, this court held that the transaction was one between the dealer and the customer and pointedly stated that the dealer was not acting as agent for appellee. Appellant also cites *First National Bank* v. *Thompson,* 249 Ark. 972, 463 S. W. 2d 87 (1971). The question now before us was not in issue in that case. There the problem was to determine the date from which interest would accrue in testing for usury. Appellant also relies on *Schuck* v. *Murdock Acceptance Corp.,* 220 Ark. 56, 247 S. W. 2d 1 (1952). We cannot glean from the *Schuck* case any principle of law which lends aid to appellant's case. There

it was shown that Murdock and the dealer had a long history of dealings; that Murdock's forms were left with the dealer; and that the total circumstances showed a "mutuality of interests" Consequently, said this court, Murdock was not an innocent purchaser of the paper. We fail to see how that finding sheds any light on the problem before us.

Affirmed.

FOGLEMAN, J., not participating.